IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION



| | |
|---|---|
| DAVID E. MACK<br>*Plaintiff,*<br><br>vs<br><br>MIDLAND CREDIT<br>MANAGEMENT, INC.<br>*Defendant.* | Case No. 4:15-cv-306<br><br>TRIAL BY JURY DEMANDED |

### PLAINTIFF'S FIRST AMENDED COMPLAINT FOR VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT

### JURISDICTION

1. This Court has jurisdiction under 47 U.S.C. § 227, 28 U.S.C §1331, 1367, 1441, and 1446.

2. All conditions precedent to the bringing of this action have been performed.

### PARTIES

3. The Plaintiff in this lawsuit is David E. Mack (Plaintiff), a natural person, who resides in Collin County, Texas.

4. The Defendant in this lawsuit is Midland Credit Management, Inc. (Midland) a debt collection company wholly owned by Encore Capital Group, Inc. (Encore) who directs ALL of Midland's operations with both entities having corporate offices at 8875 Aero Drive, Suite 200, San Diego, CA 92123.

## VENUE

5. The occurrences which give rise to this action occurred in Collin County, Texas and Plaintiff resides in Collin County, Texas.

6. Venue is proper after removal to the Eastern District of Texas Sherman Division.

## FACTUAL ALLEGATIONS

7. On December 20, 2013 at 2:18 PM Midland called Plaintiff's wireless phone number 682-560-1675 from 877-237-0512 as evidenced by the handwritten notes made by the Plaintiff at or near the time the call was received. [Exhibit 5]

8. Plaintiff is the owner of the wireless phone with the assigned number 682-560-1675 [See Exhibit 1], pays for the airtime for that prepaid wireless phone [See Exhibit 2] and has had service on and custody and control of that wireless phone with that assigned number from July 15, 2013 to the present time. [See Plaintiff's Affidavit Exhibit 3 ¶¶ 1, 2, 3]

9. The call placed to Plaintiff's wireless phone came from a number that Midland states is used for outbound calls by them in their collection activities as shown on its own website and evidenced by the screenshot of that page from Midland's website attached as Exhibit 8 which can be found at https://www.midlandcreditonline.com/help-center/phone-calls-faqs/

10. The call made by Midland to Plaintiff was made with a predictive dialer (an automatic telephone dialing system (ATDS) according to multiple FCC rulings) to Plaintiff's wireless phone as evidenced by the direct admission in the letter and ex parte presentation filed with the Federal Communications Commission (FCC) in February 2012 of the use of predictive dialers by Encore and Midland to make calls to collect debts [See Exhibit 4 Pg. 12] which can be found on the FTC website at http://apps.fcc.gov/ecfs/comment/view?id=6016994149. Their stated use of proprietary predictive software in their call centers is also disclosed in

Encore's 2010 10K filing with the Securities and Exchange Commission (SEC) pg. 1 [Exhibit 7 Pg. 4 Bullet Point 2] which can be found at https://www.sec.gov/Archives/edgar/data/1084961/000119312510024376/d10k.htm

11. Midland made the call to Plaintiff's wireless phone using ATDS capable equipment without consent, express or otherwise, from the Plaintiff to do so.

12. The call made to Plaintiff's wireless phone was not for an emergency purpose and was made without the express consent of the Plaintiff having been given at any time. [See Plaintiff's Affidavit Exhibit 3 ¶ 4]

13. Plaintiff had received previous calls from the Defendant where no messages were left. See Plaintiff's handwritten notes made at or near the time of the call. [Exhibit 5 and Plaintiff's Affidavit [Exhibit 3 ¶¶ 5, 6]

14. Defendant's call to Plaintiff was not the first call received from the Defendant from 877-237-0512 and was in fact call number 39 of one hundred thirteen (113) total calls that were received by Plaintiff on his wireless phone from 877-237-0512 without his express consent. [See Plaintiff's Affidavit [Exhibit 3 ¶ 7]

15. Plaintiff answered the call and found there was no live person on the line and terminated the call. [See Plaintiff's Affidavit Exhibit 3 ¶ 8]

16. The Plaintiff has never had any business relationship with Midland at any time. [See Plaintiff's Affidavit Exhibit 3 ¶ 9]

17. Plaintiff attempted to mitigate damages in this matter by sending a Notice of Intent to Sue to the Defendant before commencing legal action and Defendant failed to respond. [Exhibit 6]

18. Plaintiff is a non-debtor and there is no debt that Defendant could legitimately be calling about to collect from Plaintiff and no arbitration agreement is in effect between Plaintiff and any other party for any matter including any debt. [See Plaintiff's Affidavit Exhibit 3 ¶ 10]

19. This lawsuit was timely filed approximately one year after the date of the alleged violation, after additional attempts to settle the dispute failed and is well within the four year statute of limitations under 47 U.S.C. § 227.

20. Plaintiff has never had any verbal or written communication with any employee of Midland and did not give consent for him to be called with an auto dialer. [See Plaintiff's Affidavit Exhibit 3 ¶ 9]

21. Plaintiff has not made any other agreements with the Defendant other than settlement of a prior suit between the parties which was done through counsel representing Midland and ONLY related to issues in that specific cause of action[1] and an Offer of Judgment made by Midland in another prior case between the parties which was accepted by the Plaintiff with judgment being entered by the court in that case.[2]

22. The only communication Plaintiff has had with Midland directly is the Notice of Intent to Sue that was sent by Plaintiff to and ignored by the Defendant.

23. Plaintiff is not currently part of, and **will NOT consent to being a part of,** any class action against the Defendant regarding TCPA or any other claims.

24. The calls made by Midland to Plaintiff's wireless phone from 877-237-0512 were not "ported" or "forwarded" from any other number to his wireless phone number 682-560-1675 but came directly from the Defendant. [See Plaintiff's Affidavit Exhibit 3 ¶ 11]

---

[1] 4:13-cv-265 Eastern District of Texas
[2] 4:13-cv-200 Eastern District of Texas

## COUNT I

## VIOLATIONS OF 47 U.S.C. § 227

25. Plaintiff repeats and re-alleges each and every allegation stated above.

26. Defendant's aforementioned conduct violated 47 U.S.C. § 227 *et. seq.*

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a. Adjudging that Defendant violated 47 U.S.C. § 227.

b. Awarding Plaintiff statutory damages pursuant to 47 U.S.C. § 227 b(3)(C) in the amount of $1500 as a knowing and/or willful violation of the statute because it was the 39th call received from the Defendant by the Plaintiff using ATDS equipment without his consent to do so, express or otherwise, having been provided at any time.

c. Awarding Plaintiff any costs and attorney's fees incurred in this action;

d. Awarding Plaintiff any post-judgment interest as may be allowed under the law;

e. Awarding such other and further relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Respectfully Submitted,

David E. Mack
7720 McCallum Blvd. #2099
Dallas, Texas 75252
972-735-9642
mack2001@swbell.net

## CERTIFICATE OF SERVICE

This is to certify a true and correct copy of the foregoing document was sent to the below named party by First Class USPS mail.

Dated: May 6, 2015

_____
David E Mack

Reid S. Manley
BURR & FORMAN LLP
420 North 20th Street Suite 3400
Birmingham, Alabama 35203